STATE v. WALTER MAY.

(Filed 29 September, 1910.)

1. **Affray—Verdict Directing—Evidence.**

Upon a trial for an affray it is not error for the trial judge to refuse, upon motion of the defendant first named in the indictment, to direct a verdict in his favor upon the State's having introduced one witness and rested.

2. **Affray—Evidence—Co-defendant—Rebuttal.**

After the State has introduced evidence and rested its case against the first defendant named in a bill of indictment for an affray, and his co-defendant has testified to matters tending to incriminate him, he has the same right to introduce evidence in rebuttal as if his co-defendant had been a State's witness against him.

APPEAL from *Peebles, J.,* at August Term, 1910, of FRANK-
LIN.

The facts are stated in the opinion.

*Attorney-General* for State.
*W. M. Person* and *W. H. Yarborough, Jr.,* for defendant.

CLARK, C. J.   This was an indictment for an affray, and the
defendant May alone was found guilty, and appeals.

The State introduced one witness and rested.   The defendant
May, whose name appeared first in the bill of indictment, with-
out introducing evidence, moved the court to direct a verdict of
not guilty.   This was refused, the court saying that the evidence
was not all in.   In this there was no error.

The defendant Jackson then produced evidence, much of
which tended to incriminate May.   When Jackson rested, the
defendant May offered himself and others as witnesses in re-
buttal of the evidence offered for Jackson.   The court was of
an opinion that he had no right to do so, and refused to allow
said May to testify himself or put on other witnesses.   In charg-
ing the jury the court said, "The State further contends that
you should believe that part of the evidence offered by Jackson
in which the witnesses testified that May struck Jackson with
his stick willingly, and that you should be satisfied beyond rea-
sonable doubt from that evidence that the defendant May is
guilty," and further, "If you find from all the evidence, beyond
a reasonable doubt, that either or both of the prisoners are
guilty, you should say so."

If the evidence offered by Jackson had been used only to
acquit him the defendant May would have no ground to com-
plain.   But Jackson's evidence was competent against May, and
was so used by the prosecution and was submitted to the jury
by the judge to be considered against him.

It was therefore error not to permit May to reply to this evi-
dence.   He had not been "confronted" with these witnesses.   It
is true that as to new matter brought out by May, the defendant
Jackson in turn would have been entitled to a reply.   But this
anomaly is due to the fact that the testimony of the defendants
in an affray is usually hostile to each other.   Indeed, in trials

for an affray, the solicitor usually relies upon the testimony of the defendants to convict each other.

The conduct of a trial is largely left to the discretion of the presiding judge. But when the State relied upon the evidence offered by the defendant Jackson to convict May, the latter had a right to offer evidence in reply to evidence with which he had not been confronted when the State rested. When the defendant May rested, no evidence which he cared to impeach had been introduced against him, and there was nothing which he cared to contradict. Hence he rested and waited for further evidence. "Where, on the trial of four defendants indicted for an affray, three of them testified, and the fourth, their antagonist, was called in his own behalf, the other defendants had the same right to impeach him on cross-examination as if he had been a witness instead of a co-defendant." *S. v. Goff,* 117 N. C., 755.

Error.